William R. Brown, Esq.    (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN   46077
Telephone:   (317) 363-2400
Fax:   (317) 363-2257
E-Mail:   wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY (NEWARK)

---

ERIC STOBEZKI,
       Plaintiff,
  vs.

EQUIFAX INFORMATION
SERVICES, LLC; TRANS UNION, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; FRONTIER
COMMUNICATIONS CORPORATION;
and COMENITY CAPITAL BANK;
       Defendants.

CASE NO. 2:19-cv-14620-ES-SCM

Judge Esther Salas
Magistrate Judge Steven C. Mannion

---

### TRANS UNION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.   Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.,* commonly known as the Fair Credit Reporting Act ("FCRA").

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.   Plaintiff is a resident of the State of New Jersey, County of Bergen, residing at 35 Rector Ct., Bergenfield, New Jersey 07621.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.   At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.   Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.   Defendant Equifax is a Delaware corporation registered to do business in the

State of New Jersey, and may be served with process upon The Prentice Hall Corporation System, Inc.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.   At all times material here to [sic] Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.   At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.   Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of New Jersey, and may be served with process upon The Prentice Hall Corporation System, Inc.

**ANSWER:**   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10.   At all times material here to [sic] Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

**ANSWER:**   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

11.   At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.   Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.   Defendant Experian is an Ohio corporation registered to do business in the State of New Jersey, and may be served with process upon the Corporation Trust Company.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.   At all times material here to [sic] Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.   At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation [sic]

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15.   Defendant Frontier Communications Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 401 Merritt 7 Norwalk, CT 06851 and can be served c/o Corporation Service Company at 50 Weston Street, Hartford, CT, 06120.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.   Defendant Comenity Capital Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service at 12795 E. Cottonwood Parkway, Suite 100, Salt Lake City, Utah 84121.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

17.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

### Comenity Dispute and Violations

18.   On information and belief, on a date better known to Defendants Experian and Trans Union, Experian and Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a Comenity Bank/Westgate account.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.   The inaccurate information was the appearance of the tradeline on the Plaintiff's credit report since it is not his account.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.   Prior to disputing this information with the Credit Bureaus, the Plaintiff submitted an ID Theft affidavit, as instructed by the Defendant Comenity Bank.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   Despite submission of this ID Theft affidavit, Defendant Comenity Bank continued to report this tradeline on the Plaintiff's credit report.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.   Plaintiff notified Experian and Trans Union that he disputed the accuracy of the information Experian and Trans Union were reporting, on or around September 27, 2018 specifically stating in a letter that he was disputing the trade line as he never had an account with this company, and furthermore that an ID Theft Affidavit had been submitted to Defendant Comenity.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.   It is believed and therefore averred that Defendants Experian and Trans Union notified Defendant Comenity of the Plaintiff's dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.   Upon receipt of the dispute of the account from the Plaintiff by Experian and Trans Union, Experian and Trans Union failed to conduct a reasonable investigation and

continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the Comenity account.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.   Furthermore, at a minimum Defendant Comenity, failed to mark that account as disputed despite receiving notice of the Plaintiff's dispute.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.   Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Comenity account, Experian and Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.   Notwithstanding Plaintiff's efforts, Defendants Experian and Trans Union sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and

Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.   As of the date of the filing of this Complaint, Defendant Comenity continues to furnish credit data which is inaccurate and materially misleading, and Defendants Experian and Trans Union continue to report inaccurate and materially misleading information.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29.   Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.   As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### Frontier Dispute and Violation

31.   On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a Frontier Communications account.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.   The inaccurate information was the mere presence of the account on Plaintiff's credit report as he has never had an account with Frontier.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33.   Plaintiff contacted Frontier themselves to advise that he never opened up an account with them.   Frontier responded to the dispute by advising they have no record of Plaintiff in their system.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34.   Plaintiff then notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around November 21, 2018 specifically stating in a letter that he was disputing the trade line as he never had an account with this company.   Plaintiff advised with specificity in his letter that Frontier admitted to not having Plaintiff in their system.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.   It is believed and therefore averred that Defendant Equifax notified Defendant Frontier of the Plaintiff's dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.   Upon receipt of the dispute of the account from the Plaintiff by Equifax, Equifax failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the Frontier account.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.   Furthermore, Frontier failed to mark that account as disputed despite receiving notice of the Plaintiff's dispute.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.   Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Frontier account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.   Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.   As of the date of the filing of the filing [sic] of this Complaint, Defendant Frontier continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.   Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.   As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

44.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

45.   Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.   Equifax has willfully and recklessly failed to comply with the Act.   The failure of Equifax to comply with the Act include [sic] but are [sic] not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.   As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.   The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

50.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

51.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

52.   Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.   Equifax has negligently failed to comply with the Act.   The failure of Equifax to comply with the Act include [sic] but are [sic] not necessarily limited to the following;

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.   As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.   The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

57.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

58.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

59.   Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

60.   Trans Union has willfully and recklessly failed to comply with the Act.   The failure of Trans Union to comply with the Act include [sic] but are [sic] not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)   The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph, including its subparts.

61.   As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

62.   The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/[sic] and or Jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

63.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Trans Union)**

64.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

65.  This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**  Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

66.  Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

67.  Trans Union has negligently failed to comply with the Act.  The failure of Trans Union to comply with the Act include [sic] but are [sic] not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:** Trans Union denies the allegations contained in this paragraph, including its subparts.

68. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

69. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

70.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Experian)

71.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

72.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

73.   Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.   Experian has willfully and recklessly failed to comply with the Act.   The failure of Experian to comply with the Act include[sic] but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.   As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.   The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/[sic] and or Jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Experian)

78.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

79.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

80.   Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.   Experian has negligently failed to comply with the Act.   The failure of Experian to comply with the Act include [sic] but are [sic] not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.   As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.   The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Frontier)

85.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

86.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

87.   Pursuant to the Act, all person[sic] who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

88.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

89.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

90.   The Defendant Frontier violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly [sic] investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same [sic] by failing to correctly report results of an accurate investigation to the credit reporting agencies.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

91.   Specifically, the Defendant Frontier continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the fact that he never had an account with Frontier.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

92.   Additionally, the Defendant Frontier failed to mark the account despite receiving notice of the Plaintiff's dispute.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

93.   As a result of the conduct, action and inaction of the Defendant Frontier, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

94.   The conduct, action and inaction of Defendant Frontier was willful, rendering Defendant Frontier liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

95.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Frontier in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Frontier for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Frontier)

96.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

97.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

98.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

99.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

100.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

101.   After receiving the Dispute Notice from Equifax [sic] Defendant Frontier negligently failed to conduct its reinvestigation in good faith.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

102.   A reasonable investigation would require a furnisher such as the above Defendants to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

103.   Defendant Frontier continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the fact that he never had an account with Frontier.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

104.   Additionally, the Defendant Frontier failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

105.   The conduct, action and inaction of Defendant Frontier was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

106.   As a result of the conduct, action and inaction of the Defendant Frontier, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

107.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Frontier in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Frontier, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Comenity)

108.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

109.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

110.   Pursuant to the Act, all person[sic] who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

111.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

112.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above [sic] must report the results to other agencies which were supplied such information.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

113.   The Defendant Comenity violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly [sic] investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

114.   Specifically, the Defendant Comenity continued to report this account on the Plaintiff's credit report after receiving both an ID Theft affidavit, and a follow up dispute from the bureaus.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

115.   Additionally, the Defendant Comenity failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

116.   As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

117.   The conduct, action and inaction of Defendant Comenity was willful, rendering Defendant Citibank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

118.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Comenity for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Comenity)

119.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state[sic] herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

120.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.,* [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

121.   Pursuant to the Act, all person[sic] who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

122.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.   The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

123.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

124.   Defendant Comenity is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

125.   After receiving the Dispute Notices from Experian and Trans Union, Defendant Comenity negligently failed to conduct its reinvestigation in good faith.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

126.   A reasonable investigation would require a furnisher such as Defendant Comenity to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

127.   Additionally, the Defendant Comenity failed to mark the account as disputed after receiving the dispute letter.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

128.   The conduct, action and inaction of Defendant Comenity was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

129.   As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

130.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff, Eric Stobezki, an individual, demands judgment in his favor against Defendant Comenity, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR TRIAL BY JURY

131.   Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues [sic] this complaint to which Plaintiff is or may be entitled to a jury trial.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C, § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. §1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.    Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:   August 1, 2019                                 Respectfully submitted,


                                                       /s/ William R. Brown
                                                       William R. Brown, Esq.    (WB5139)
                                                       Schuckit & Associates, P.C.
                                                       4545 Northwestern Drive
                                                       Zionsville, IN   46077
                                                       Ph: (317) 363-2400   Fax: (317) 363-2257
                                                       E-Mail:   wbrown@schuckitlaw.com

                                                       *Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **1ˢᵗ day of August, 2019.**   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's electronic filing.

| Yaakov Saks, Esq. | Daniel F. Fisher, Esq. |
|---|---|
| ysaks@steinsakslegal.com | daniel.fisher@mayerbrown.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **1ˢᵗ day of August, 2019** properly addressed as follows:

| None | |
|---|---|

> */s/ William R. Brown*
> William R. Brown, Esq.    (WB5139)
> Schuckit & Associates, P.C.
> 4545 Northwestern Drive
> Zionsville, IN   46077
> Ph: (317) 363-2400   Fax: (317) 363-2257
> E-Mail:  wbrown@schuckitlaw.com
>
> *Counsel for Defendant Trans Union, LLC*