PRICE, MEESE, SHULMAN & D'ARMINIO, PC
50 Tice Boulevard
Woodcliff Lake, NJ  07677
201-391-3737
Counsel for Defendant
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC STOBEZKI,<br><br>                    Plaintiff,<br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC., TRANS UNION, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., FRONTIER COMMUNICATIONS CORPORATION, COMENITY CAPITAL BANK,<br>                    Defendants | CIVIL NO.  19-14620-ES-SCM<br><br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO COMPLAINT** |

Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, answers the Complaint herein as follows:

**RESPONSE TO JURISDICTION AND VENUE**

1.      In response to paragraph 1 of the Complaint, these are legal conclusions and are not subject to denial or admission.

2.      In response to paragraph 2 of the Complaint, these are legal conclusions and are not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

## **RESPONSE TO PARTIES**

4. In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. In response to paragraph 5 of the Complaint, these are legal conclusions and are not subject to denial or admission.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. In response to paragraph 13 of the Complaint, Experian admits it is an Ohio corporation with offices located in Costa Mesa, California, with an agent for service in West Trenton, NJ. Experian further admits it is a consumer reporting agency as defined by §1681a(f) of the FCRA. Experian denies the remaining allegations.

14. In response to paragraph 14 of the Complaint, Experian admits it is a consumer reporting agency as defined by §1681a(f) of the FCRA. Experian denies the remaining allegations.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### **RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS**

17. Experian repeats it responses to the preceding paragraphs.

18. In response to paragraph 18 of the Complaint, Experian denies the allegations as they may pertain to Experian and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to other named defendants.

19. In response to paragraph 19 of the Complaint, Experian denies the allegations as they may pertain to Experian and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to other named defendants.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. In response to paragraph 24 of the Complaint, Experian denies the allegations as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they may pertain to other defendants.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. In response to paragraph 26 of the Complaint, Experian denies the allegations as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they may pertain to other defendants.

27. In response to paragraph 27 of the Complaint, Experian denies the allegations as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they may pertain to other defendants.

28. In response to paragraph 28 of the Complaint, Experian denies the allegations as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they may pertain to other defendants.

29. In response to paragraph 29 of the Complaint, Experian denies the allegations as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they may pertain to other defendants.

30. In response to paragraph 30 of the Complaint, Experian denies the allegations.

31.-42. The allegations contained in paragraphs 31 through 42 are not directed to Experian and Experian makes no response thereto. To the extent any of the allegations are directed to Experian, Experian denies same.

## RESPONSE TO COUNT I

43.-49. In response to paragraphs 43-49 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

## RESPONSE TO COUNT II

50.-56. In response to paragraphs 50-56 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

## RESPONSE TO COUNT III

57.-63. In response to paragraphs 57-63 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

## RESPONSE TO COUNT IV

64.-70. In response to paragraphs 64-70 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

## RESPONSE TO COUNT V

71.    Experian repeats it responses to the preceding paragraphs.

72.    In response to paragraph 72 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

73. In response to paragraph 73 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

74. In response to paragraph 74 of the Complaint and its subparts, Experian denies the allegations.

75. In response to paragraph 75 of the Complaint, Experian denies the allegations.

76. In response to paragraph 76 of the Complaint, Experian denies the allegations.

77. In response to paragraph 77 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

## RESPONSE TO COUNT VI

78. Experian repeats it responses to the preceding paragraphs.

79. In response to paragraph 79 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

80. In response to paragraph 80 of the Complaint, Experian denies the allegations.

81. In response to paragraph 81 and its subparts of the Complaint, Experian denies the allegations

82. In response to paragraph 82 of the Complaint, Experian denies the allegations.

83. In response to paragraph 83 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA.

84. In response to paragraph 84 of the Complaint, these are legal conclusions and are not subject to denial or admission. To the extent a response is required, Experian denies any violation of the FCRA and denies the allegations.

### RESPONSE TO COUNT VII

85.-95. In response to paragraphs 85-95 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

### RESPONSE TO COUNT VIII

96.-107. In response to paragraphs 96-107 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

### RESPONSE TO COUNT IX

108-118. In response to paragraphs 108-118 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

### RESPONSE TO COUNT X

119-130. In response to paragraphs 119-130 of the Complaint the allegations are not directed to Experian and Experian makes no response thereto. To the extent a response is required, Experian denies the allegations as they may pertain to it.

### RESPONSE TO JURY TRIAL DEMAND

131. In response to paragraph 131 Experian admits that Plaintiff demands trial by jury on all issues so triable. Experian denies any liability.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

## DEFENDANT EXPERIAN'S SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE
### (Failure To State A Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND SEPARATE DEFENSE
### (Immunity/Preemption)

Plaintiff's state and common law claims are preempted by 15 U.S.C. § 1681h(e) and/or 1681t. Experian did not act with malice or willful intent to injure Plaintiff.

### THIRD SEPARATE DEFENSE
### (Truth/Accuracy Of Information)

Experian is informed and believes and thereon alleges that all claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH SEPARATE DEFENSE
### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH SEPARATE DEFENSE
### (Failure To Mitigate Damages)

Plaintiff failed to mitigate his damages.

### SIXTH SEPARATE DEFENSE
### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SEVENTH SEPARATE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### EIGHTH SEPARATE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### NINTH SEPARATE DEFENSE
### (Statute of Limitations)

All or some of the claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH SEPARATE DEFENSE
### (Laches)

The Complaint and each claim for relief therein is barred by laches.

### ELEVENTH SEPARATE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional SEPARATE defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated:  August 13, 2019                         Respectfully submitted,

/s/ *Dorothy Kowal*
Dorothy A. Kowal, Esq.
Price, Meese, Shulman & D'Arminio, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Telephone: (201) 391-3737
Email: dkowal@pricemeese.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

| Yaakov Saks, Esq.<br>Stein Saks Pllc<br>285 Passaic Street<br>Hackensack, NJ 07601 | *All counsel identified on ECF docket* |
|---|---|

/s/*Dorothy A. Kowal*
Dorothy A. Kowal, Esq.
***Counsel for Experian Information Solutions, Inc.***